HEATH *v.* SPRINGFIELD FIRE INSURANCE CO.

A person employed by the authorized agent of an insurance company to solicit applications for insurance, receive premiums, and deliver policies, has no authority, by reason of such employment, to consent to additional insurance in other companies; and notice to him of such additional insurance is not notice to the company.

Assumpsit, on a policy of insurance. The policy contained a condition, that if the assured should make any other insurance on the property without the written consent of the company upon the policy, it should be void. The insurance was obtained by Neal, who, without the defendants' knowledge or authority, was employed by C. & G. L., the defendants' agents at Laconia, to solicit applications for insurance, receive premiums for them, and deliver policies. Their agency terminated August 25, 1872, and from that time to January 2, 1875, the defendants had no agent at Laconia. February 3, 1874, the plaintiff,

desiring other insurance on part of the property, applied to Neal, and through his advice took a policy for more insurance on that part of his property in another company.     Neal promised to obtain the consent of the defendants to the additional insurance, and for that purpose wrote a letter to C. & G. L. at Laconia, supposing them still to be the defendants' agents.     The plaintiff, within ten days, understanding that written consent to the additional insurance on the policy was necessary, gave the policy to a messenger, requesting him to obtain consent of the defendants' agents upon it.     The messenger, finding no agents of the company at Laconia, applied to their agent at Concord the day after the fire, who declined to give the consent asked, and the policy was sent to the defendants' home office ; and the secretary, soon learning of the fire, refused to indorse consent of the company on the policy, returned the premium, and directed that the policy be cancelled.     The plaintiff had no notice of the termination of the defendants' agency at Laconia until after the fire, and the defendants gave no notice of the fact to the public or to the policy-holders in that vicinity.     The plaintiff claimed that the defendants had seasonable notice of the additional insurance, and, not objecting, waived the condition in the policy requiring written consent to it.     A nonsuit was ordered, and the plaintiff excepted.

*Whipple*, for the plaintiff.

*Barnard & Leach*, for the defendants.

Allen, J.     The condition in the policy requiring the written consent of the company to additional insurance was never complied with. It was not waived, for the company had no notice of the additional insurance until after the fire.     Neal was not the agent of the company beyond the special acts performed by him under the supervision and recognition of the agents who employed him.     *Bodine* v. *Exchange Ins. Co.*, 51 N. Y. 117.     Whatever authority he may have had from his employment ceased on the termination of the agency of his employers.     The fact that the termination of the defendants' agency at Laconia was not known to the plaintiff, or to the public, was immaterial, for there was no evidence that those who had been their agents there ever received notice of the additional insurance.     Having no knowledge or notice of the additional insurance until after the fire, the defendants could not be held to have waived the condition requiring written consent, and the nonsuit was properly ordered.

*Exceptions overruled.*