Hillsborough, ⎰
Dec. 5, 1911. ⎱

## MAYNARD v. UNITED STATES HEALTH AND ACCIDENT INSURANCE CO.

A provision in an accident insurance policy, stipulating that no action shall be maintainable thereon after six months from the time when proof of disability must be furnished, is binding upon the insured, and is not waived by an acceptance of proof at a date subsequent to that required by the contract, nor by an attempt on the part of the insurer to adjust the claim within the time limited for the bringing of suit.

ASSUMPSIT, upon an accident insurance policy. Trial by the court. Transferred from the January term, 1910, of the superior court by *Plummer*, J., on the plaintiff's exception to an order of nonsuit.

The policy provided that affirmative proof of any injury must be furnished to the defendant within thirty days from the termination of disability, and that no action at law upon the policy should be maintained after six months from the date when proof of the injury must be filed. The plaintiff was injured December 19, 1906, and his disability therefrom terminated May 15, 1907. He filed his proof of claim July 5, 1907, and brought a suit August 25, 1908. The defendant pleaded that the action could not be maintained because it was brought more than six months from the date of the affirmative proof. The plaintiff replied that the defendant had waived its right to interpose that defence. The plaintiff's evidence upon this issue consisted of certain letters which passed between the parties or their counsel. June 18, 1907, the defendant sent to the plaintiff a set of final proof blanks for him to fill out and return. July 10, the defendant forwarded to the plaintiff a draft for an amount much less than he claimed he was entitled to. This was promptly returned. There was some further correspondence in relation to the amount the plaintiff was entitled to, which terminated August 3, 1907, by a letter from the plaintiff's counsel in which he stated that "sometime between now and 1st of September I will bring suit."

*James A. Broderick*, for the plaintiff.

*John O'Neill*, for the defendant.

WALKER, J.   The provision in the policy limiting the time within which suit must be brought was legal and binding (*Davis* v. *Insurance Co.*, 73 N. H. 425; *Johnson* v. *Casualty Co.*, 73 N. H. 259), and the case discloses no evidence that the defendant waived this provision or that it is estopped to insist upon it.   According to the contract, the plaintiff could maintain no action upon the policy after six months had elapsed from the date when affirmative proof of his disability should be filed.   Proof of his disability was due June 15, 1907, but it was not filed with the defendant until July 5. It is unnecessary to consider whether the defendant had waived the time limit as to the filing of the proof of disability; for there· is nothing to show that it waived the provision that suit should be brought within six months after the filing of proof of disability. "The policy provided a definite time when the proof should be filed; and the fact that it was not filed at that time had no necessary effect upon the limitation of time for the bringing of a suit."   *Davis* v. *Insurance Co.*, *supra,*· 426.

Although the defendant accepted the plaintiff's proof of disability after the time limited in the policy and may have waived its right to claim that it was not seasonably filed, that fact does not prove that it also waived the provision as to bringing suit within six months from the filing of the proof.   The pròof was presented to the defendant July 5, 1907.   According to the terms of the policy, it should have been presented June 15.   If the defendant so far modified the contract as to be bound by the receipt of the proof July 5, it is difficult to see why in consequence of that transaction it abrogated the provision that suit must be brought within six months from that date.   If the defendant, denying all liability, had waived the filing of proof and none had been filed, a different question would have arisen.   See *Norwich etc. Co.* v. *Insurance Co.*, 6 Blatch. 241; *Phillips* v. *Society*, 120 Mich. 142.   The correspondence between the parties or their counsel, which is relied upon to prove a waiver, was merely an attempt to adjust the matter without litigation and was brought to a close on August 3, ·1907, when the plaintiff's counsel stated that he would bring suit before September 1; and if he had done so, the action would have been within the prescribed limit.   The correspondence did not amount to a waiver. 19 Cyc. 908.

The fact that the defendant admitted in the correspondence its liability for a part of the amount claimed by the plaintiff is no evidence that it intended to waive the limitation of time contained

in the policy within which a suit must be brought. If it had in the first instance admitted its liability for the full amount claimed by the plaintiff, it would be illogical to say that it thereby waived this clause of the policy and in effect agreed to respond to a suit brought long after the time specified in the policy. The fact of a waiver, like other facts, must be found from some evidence. Nor does it appear that the plaintiff was induced by the correspondence to believe that the defendant would not insist upon this clause of the policy. Apparently he understood the contract, but for some reason not disclosed did not bring his suit until after the limited time had expired. This delay was not chargeable to or caused by the defendant, as in *Dolsen* v. *Insurance Co.*, 151 Mich. 228, cited by the plaintiff. The court properly ordered a nonsuit.

*Exception overruled.*

All concurred.