Merrimack, }
Jan. 4, 1927. }

## WALTER H. SARGENT *v.* CANTERBURY MUTUAL FIRE INSURANCE CO.

In the absence of misrepresentations an assured is presumed to know the provisions, terms and conditions of his policy.

An estoppel cannot arise from silence if the party asserting the estoppel is not misled thereby.

Silence when there is no duty to speak is no evidence of a waiver.

A waiver by either words or conduct does not extend beyond their fair meaning.

Where a fire insurance policy contains a forfeiture clause in case of double insurance, the silence of the insurer and its retention of a deposit note, when told

by the assured that he intends to procure additional insurance, constitutes neither a waiver of the clause nor an estoppel against the insurer.

Deposit notes given by the assured to a mutual fire insurance company are given to fix the extent of his contingent liability, and the company should retain such notes as long as such liability continues.

ASSUMPSIT, upon a fire insurance policy. Trial by court and verdict for defendant.

The plaintiff, having his property insured by the defendant, sought from its secretary an increase in the amount of the policy. His request being denied, he said: "I will go into another company and get insured." Later he applied to one of the defendant's directors for the increase, and on rejection of the application he made a similar statement about obtaining insurance elsewhere. No objection was made on either occasion to his going to another company.

The policy contained a clause for its forfeiture if there should be other insurance at the time of any loss without the defendant's written assent. When the policy was issued, and also when the increase in its amount was sought, nothing was said about this forfeiture clause.

On the issuance of the policy the plaintiff signed a deposit note for $20 payable to the defendant as might be required under its by-laws. This note the defendant has retained.

The plaintiff insured the property in another company, and while the policy of that company was in force, the property burned. Until the fire the defendant had no notice that such other insurance had in fact been taken out.

The plaintiff excepted to a ruling that a finding of waiver of the forfeiture clause or of estoppel against claiming it as a defence could not be made. Transferred by *Branch*, C. J.

*Nathaniel E. Martin* and *Alfred W. Levensaler*, for the plaintiff.

*Robert W. Upton*, for the defendant.

ALLEN, J. "The fact of a waiver, like other facts, must be found from some evidence." *Maynard* v. *Insurance Co.*, 76 N. H. 275, 277. Silence, when there is no duty to speak, is no evidence of a waiver. *Kilgore* v. *Association*, 78 N. H. 498, 500. In the absence of misrepresentation the insured is presumed to know the provisions, terms and conditions of his policy. *Lauze* v. *Insurance Co.*, 74 N. H. 334, 338, and cases cited.

Silence being a right unless the circumstances are such that it amounts to misrepresentation, the defendant's exercise of the right was no relinquishment of the right of forfeiture. There was no duty to tell the plaintiff that the policy contained the forfeiture clause or that if he obtained insurance elsewhere, the clause would be invoked. The plaintiff had no right to information of the clause other than the policy gave him, or to be informed what the defendant would or might do in taking advantage of the clause in the event of other insurance. The plaintiff was entitled to do as he saw fit about obtaining other insurance, and failure to protest against the exercise of his right or to explain the consequences of such exercise constitutes no evidence that such consequences would not follow but would be foregone. It is not a fair and reasonable inference that the defendant's silence at the time amounted to a statement that the forfeiture clause would be disregarded in the event of other insurance. All that could have been said to the plaintiff was either that the defendant would or would not or might or might not avail itself of its rights, and saying nothing was no statement of what course it would or might take. "A waiver by either words or conduct does not extend beyond their fair meaning" (*Daley* v. *Insurance Co.*, 81 N. H. 502, 504), and there being here no words, and no conduct save of rightful silence, no loss of rights can therefrom be found.

Nor does the plaintiff's treatment of the situation as charging the defendant with notice of other insurance as already obtained make any difference. What the defendant was told was that other insurance would be, and not that it had been, obtained. In point of fact it had no notice that the other insurance had been placed until after the fire. But knowledge before the fire of other insurance called for no action on its part. Both policies were in force until a fire and the forfeiture clause only operated when there was other insurance at the time of a fire. The other insurance was not a cancelation of the policy so as to entitle the plaintiff to a return premium, and the policy was not canceled. There was therefore no call for the defendant to say or do anything until after the fire. The fire by reason of the other insurance automatically avoided the policy, and the defendant then took advantage of its rights.

It is claimed that the retention of the deposit note given by the plaintiff when the policy was issued is evidence, in connection with the defendant's silence, of a waiver of the forfeiture clause. The note was payable only on action in pursuance of the by-laws, and as they are not reported, it cannot be said that there was not a right of re-

tention. Moreover, since deposit notes are given to fix the extent of the contingent liability of members of a mutual company, there is a duty of retention as long as such liability may continue. The avoidance of the policy at the time of the fire did not release the plaintiff from his contingent liability for the time it was in force. And if liability on the note had ceased, it would seem of no importance whether the note were retained or returned. Its retention signified nothing in evidence of the waiver claimed. When the defendant's ignorance of the fact of other insurance until after the fire is taken into account, the retention of the note can still less be urged as such evidence.

There being no waiver, the question of the authority of the defendant's officers and agents to orally waive the requirement for written assent to other insurance need not be considered.

On his claim of estoppel the plaintiff stands no better. There is nothing to show that the defendant led the plaintiff to understand either that there was no forfeiture clause in the policy or that the clause would not be enforced. If the plaintiff had such understanding, it was not because of anything the defendant said or did, for it said and did nothing. It merely exercised its right of silence. Having no duty to speak, it was not in fault for not speaking. If there was any fault, it was the plaintiff's, and not the defendant's, that misled him. The situation is in contrast with that which appears in *Barrette* v. *Company*, 79 N. H. 59, where the insured was not at fault, but the insurer was, for his ignorance of an excepted risk of the policy. Here the plaintiff's understanding, whatever it was, was his own affair, and nothing can be charged to the defendant to make it responsible therefor. Its conduct of silence was not likely to mislead one.

*Exception overruled.*

BRANCH, J., did not sit: the others concurred.