Strafford,
No. 5144.

DAERIS, INC.

*v.*

HARTFORD FIRE INSURANCE COMPANY *& a.*

Argued September 4, 1963.
Decided September 30, 1963.

118

*Fisher, Parsons, Moran & Temple* (*Mr. Robert H. Temple* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Gerard O. Bergevin* orally), for the defendants.

LAMPRON, J.    The first issue transferred to this court is the following:   "Does the plaintiff have an insurable interest in the improvements and betterments to said premises destroyed or damaged by said fire on March 28, 1959?"

The plaintiff was occupying the premises at that time under a lease dated October 28, 1957 providing for a term of 5 years from November 1, 1957.   It contained an option for a further term of 5 years commencing November 1, 1962.   This lease provided that "The said Lessee agrees that it will not make any alterations or additions to said demised premises . . . without the consent of the Lessor . . . that the premises are leased in their present condition and all approved alterations or additions to said demised premises are to be made at the sole expense of the Lessee . . . that all permanent additions and alterations to said demised premises made by said Lessee shall be considered a part of the building and the property of the Lessor, subject to the terms of this lease."

Plaintiff occupied these premises for many years prior to the fire and particularly under a 10-year lease which terminated at the start of the lease in force at the time of the fire.   It is

agreed that the improvements in question were made by the plaintiff over the years of its occupancy and that they all ante-dated the start of the last lease on November 1, 1957.

The insurance policies in force on the date of the fire, March 28, 1959, were dated at various times in the period between August 12, 1958 and March 13, 1959. Among other provisions they insured plaintiff against loss or damage by fire, in the amount of $6,000, on improvements and betterments in the building which it occupied.

The defendants maintain that prior to the commencement of the present lease all the improvements and betterments hitherto made by the plaintiff had become the absolute property of the owner of the premises and an integral part thereof without any special right remaining in the plaintiff as lessee to use them at any future date. For this reason they maintain further that plaintiff had no insurable interest in these improvements either at the time of the issuance of these policies or at the time of the loss.

It is well-established law that title to the property is not essential to create an insurable interest. *Stone* v. *Insurance Co.,* 69 N. H. 438, 442; *Clark* v. *Insurance Co.,* 87 N. H. 353; *Lampesis* v. *Travelers Ins. Co.,* 101 N. H. 323. "Any interest of pecuniary benefit from the existence of the property insured or of pecuniary loss from its destruction is sufficient." *Clark* v. *Insurance Co., supra,* 355.

By their terms the coverage provided by these policies "Applies Only When the Insured is Not the Building Owner." They "cover the Insured's use interest" in "fixtures, alterations, installations, or additions comprising a part of the described building and made at the expense of the Insured, but which are not legally subject to removal by the Insured." There is no provision in any of the policies limiting coverage to the insured's use interest in only those improvements which were made during the period of the lease in effect when the policy was issued or when the loss occurred.

By its continued and uninterrupted use of these premises as a tenant from the time it made these improvements to the date of the loss, the plaintiff had acquired a pecuniary interest in the continuance of the use of these improvements. Their damage or destruction by fire would inflict a pecuniary loss on the plaintiff. This gave it an insurable interest in the use of these im-

provements which was covered by these policies, indemnifying it against loss or destruction by fire of "the Insured's use interest in Improvements and Betterments to the building" which it occupied. *Prov. Lunch Co.* v. *Penn F. Ins. Co.*, 53 R. I. 301; *Harrington* v. *Agricultural Ins. Co.*, 179 Minn. 510; 44 C.J.S., Insurance, *s.* 189, *p.* 890; 3 Couch, Insurance 2d *s.* 24:64; 1 Richards, Insurance (5th *ed.*) *s.* 164, *p.* 609.

The second question transferred is "If plaintiff is found to have an insurable interest in the improvements and betterments, what is the measure of damages?"

The lease in effect at the time of the fire, March 28, 1959, provided that in case the premises or any part thereof were destroyed or damaged in whole or in part by fire, the rent or a part thereof was to be abated until the premises were restored by the lessor. The lease further provided that in the event of such destruction or damage the lessor "at his election may terminate this Lease." The lessor elected to terminate the lease as a result of this fire.

The fire policies issued by the defendants to the plaintiff covering its use interest in improvements and betterments provide as follows:

"2. The word 'Lease' wherever used in this policy shall mean the lease or rental agreement . . . in effect as of the time of loss.

"3. In the event Improvements and Betterments are damaged or destroyed during the term of this policy by the perils insured against, the liability of this Company shall be determined as follows: . . .

"b) If not repaired or replaced within a reasonable time after such loss, that portion of the original cost of the damaged or destroyed Improvements and Betterments which the unexpired term of the lease at the time of the loss bears to the period(s) from the date(s) such Improvements and Betterments were made to the expiration date of the lease."

It is agreed by the parties that the coverage for this type of loss is limited under the various policies to a maximum of $6,000. It is also agreed that "the physical value" of the improvements and betterments destroyed in this fire exceeded that value. Consequently the plaintiff argues that because such improvements are part of the realty it is entitled under the provisions of RSA 407:8 to the face amount of these policies.

RSA 407:8 read at the time of the loss (see RSA 407:11

(supp)) in part as follows: "Policy Value. If insured buildings are totally destroyed the sum insured shall be taken to be the value of the insured's interest therein . . . if they are only partially destroyed the insured shall be entitled to his actual damages, not exceeding the sum insured."

Since its enactment (Laws 1885, 93:2) this statute has been limited to "insured buildings." *Tomuschat* v. *Insurance Co.,* 77 N. H. 388, 390; *Lamb* v. *Insurance Co.,* 88 N. H. 21, 23. It does not apply to personal property. *Pinet* v. *Insurance Company,* 100 N. H. 346, 347. By their terms the policies held by the plaintiff apply only when the insured is not the building owner. The lease between the owner and the plaintiff as lessee provides that these improvements and betterments "shall be considered a part of the building and the property of the Lessor." The policies provide specifically that "such insurance shall cover the Insured's use interest in Improvements and Betterments."

Decisions in other jurisdictions where statutes differ are not conclusive nor necessarily helpful in deciding this issue. See *Lighting Fixture Supply Co.* v. *Fidelity Union Fire Ins. Co.,* 55 F. 2d 110 (5th Cir. 1932); *Forge Inc.* v. *Peerless Casualty Co.,* 131 So. 2d 838 (La. 1961); *Shore* v. *Northwestern Underwriters of Citizens Ins. Co.,* 208 F. Supp. 461 (W. D. La. 1962). We are of the opinion that the use interest insured by defendants' policies in improvements which are part of a building owned by another does not come within the purview of our valued policy statute. RSA 407:8 now RSA 407:11 (supp).

The plaintiff has the burden of establishing the amount of its loss. *Pinet* v. *Insurance Co.,* 100 N. H. 346, 347. As pointed out by Professor Corlson in an article entitled "Improvements and Betterments Insurance," 337 Ins. L. J. 99 (Feb. 1951) the decisions in various jurisdictions on the method to be followed in establishing the loss in cases of this type are not uniform. However the insurance policies in this case provide a specific method of determining liability. They provide that if, as in this case, the improvements and betterments are not repaired or replaced, the liability of the insurer is to be "that proportion of the original cost of the damaged or destroyed Improvements and Betterments which the unexpired term of the lease at the time of loss bears to the period(s) from the date(s) such Improvements and Betterments were made to the expiration date

of the lease." This basis of recovery has also been referred to as a recovery of the unamortized or unearned portion of the original cost of the improvements. *Harrington* v. *Agricultural Ins. Co.,* 179 Minn. 510; 1 Richards, Insurance (5th *ed.*) *s.* 164; 337 Ins. L. J., *supra,* 100.

Our law is well settled that the rights of the parties to this action became fixed at the time of the loss on March 28, 1959. *Lampesis* v. *Travelers Ins. Co.,* 101 N. H. 323, 326. At that time the plaintiff was occupying the premises under a basic 5-year lease which extended until October 31, 1962 with an option in the plaintiff to extend its terms for another 5 years until October 30, 1967. *Clarke* v. *Merrill,* 51 N. H. 415, 418. The election by the lessor under the terms of the lease to exercise his option to terminate the lease after the fire and because of it cannot affect the rights of the parties to this action. See *Lampesis* v. *Travelers Ins. Co., supra.* Nor does the fact that the improvements were made before the start of the lease in force at the time of the fire prevent recovery as we have previously stated in this opinion.

The measure of damages therefore is that proportion of the original cost of the damaged or destroyed improvements and betterments which the unexpired term of the lease (in this case March 28, 1959 to October 30, 1967) bears to the period from the date on which each of the improvements and betterments was made. In other words the proportion of the original cost of an improvement to be recovered would be that fraction thereof having as a numerator the number of months from the date of the fire to the end of the renewal (103) lease and as a denominator the number of months from the date of the improvement to the end of the renewal lease. *Harrington* v. *Agricultural Ins. Co.,* 179 Minn. 510; *Grand Forks Seed Co.* v. *Northland Greyhound Lines,* 168 F. Supp. 882 (D. N. D. 1959); 1 Richards, Insurance (5th *ed.*) *s.* 164; 337 Ins. L. J. 99, 100. Of course the plaintiff has the burden of proving the amount of its loss and the total recovery cannot exceed the limit of insurance provided in the policies.

*Remanded.*

All concurred.