Carroll
No. 6375

HARRIET L. SHURTLEFF

v.

FIDELITY & CASUALTY CO. OF N. Y.

January 31, 1973

*Robert D. Branch,* by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *William C. Tucker* (*Mr. Tucker* orally) for the defendant.

DUNCAN, J. By this action the plaintiff seeks to recover a balance alleged to be due under a policy of fire insurance issued by the defendant in the amount of $15,000 on April 9, 1967, for a term of three years, insuring premises in Errol. The case was reserved and transferred to this court upon an agreed statement of facts, without ruling, by *Keller,* C.J.

The insured single-family dwelling was totally destroyed by fire on February 23, 1969. Previously, on November 14, 1968, the plaintiff had insured the premises by an additional policy, issued by St. Paul Fire & Marine Ins. Co. for a term of one year from that date. Following the loss, the defendant paid to a Berlin bank, a first mortgagee, the sum of $5094.79, and to a Berlin credit union, as second mortgagee, the sum of $5275, taking assignments of both mortgages. It refused to pay the plaintiff the balance of coverage in the sum of $4,630.21 because of violation of an overinsurance clause in its policy.

The policy issued to the plaintiff bore on its face a "memorandum of insurance" on which was typed the amount of coverage ($15,000.00), and a description of the property covered, followed by the statement: "Subject to Form No(s). *210 (1-67) Limit $15,000.00* (See Clause G) attached hereto", the italicized words being typewritten.

Form No. 210 (1-67) formed the third page of the policy and was the "Uniform Standard New Hampshire Dwelling Property Form". "Clause G" appearing therein, was prefaced by a statement in black letter print as follows: "The following Clause G applies only when specifically designated with amounts on the first page of this policy or by endorsement thereon:" It provided: "G. Other Insurance on Buildings: Other insurance permitted but the total insurance on building(s) including this policy is limited to the amount(s) as indicated opposite 'Subject to Form No.(s)' on the first page of this policy or by endorsement thereon. If during the term of this policy, the Insured shall have any other insurance,

whether collectible or not, in excess of the amount(s) permitted hereunder, the insurance under this policy, insofar as it applies to the building(s) on which other insurance exists, shall be suspended and of no effect."

The evident purpose of Clause G of the policy is to prevent overinsurance, and thereby to minimize the risk of temptation on the part of the insured to defraud, or to ignore the existence of hazards which might cause a loss. *See* 43 Am. Jur. 2d *Insurance* §§ 997, 998 (1969). "Such provisions are uniformly considered reasonable and valid, and are binding upon the parties to the contract." 5 Appleman, Insurance Law & Practice § 3052, at 202 (1970). Our cases so hold, as the plaintiff recognizes. *Sargent v. Company*, 82 N.H. 489, 136 A. 124 (1927). *See also Heath v. Ins. Co.*, 58 N.H. 414 (1878). The rights of the parties became fixed at the time of the loss on February 23, 1969. *Daeris Company v. Hartford Fire Ins. Co.*, 105 N.H. 117, 122, 193 A.2d 886, 890 (1963).

The plaintiff contends that the provisions for suspension are vague and ambiguous. "Suspended for how long?", she queries. We think it apparent that the suspension was intended to be for such period as "other insurance" should be in effect, which in this case was for a period of a year from November 14, 1968. *See* 43 Am. Jur. 2d *Insurance* § 771 (1969). The phrase "Other insurance permitted", which she suggests produces ambiguity, is qualified by what follows in Clause G, namely: "but the total insurance on *building(s)* . . . is limited . . . ." (Emphasis added).

The policy provisions were not so vague or ambiguous as to be beyond the understanding of a reasonable person in the position of the insured. *McCaffery v. St. Paul Fire Ins. Co.*, 108 N.H. 373, 236 A.2d 490 (1967); *see American Employers Ins. Co. v. Sterling*, 101 N.H. 434, 146 A.2d 265 (1958). Accordingly they are binding upon the parties. Since at the time of the loss the plaintiff had other insurance in excess of the limit provided by the defendant's policy, the policy was by its terms "suspended and of no effect".

*Remanded.*

All concurred.