Strafford
No. 6709

INTERSTATE FIRE & CASUALTY COMPANY

v.

LEE RACEWAY, INC.
JOSEPH J. SUIDUT, Individually and
Father and Next Friend of
JOSEPH A. SUIDUT

October 31, 1973

*Boynton, Waldron, Dill & Aeschliman (Mr. Nicholas R. Aeschliman* orally) for the plaintiff.

*Michael & Wallace* and *John G. Richardson (Mr. Richardson* orally) for the defendant Lee Raceway, Inc.

KENISON, C. J. The primary issue in this case is whether the plaintiff insurance company is required to furnish insurance coverage to the defendant Lee Raceway, Inc., under an auto racing liability policy and a promoters liability coverage endorsement. On July 1, 1967, Joseph A. Suidut, an 11-year-old boy, was allegedly injured in the pit area at Lee Raceway when a racing car collided with the wall separating the pit area from the track during the racing program. Joseph J. Suidut, individually and father and next friend, brought an action against Lee Raceway, Inc., in the Strafford County Superior Court to recover damages for injuries to the child allegedly received from the accident. A petition for declaratory judgment was filed by the plaintiff insurance company against Lee Raceway, Inc., and Joseph J. Suidut, requesting the superior court to declare that the plaintiff was not required to provide coverage or defense for any claim of injury to Joseph A. Suidut arising from the accident. The case was submitted on an agreed statement of facts, and the Trial Court *(Morris, J.)* reserved and transferred to this court without ruling the question of law relating to the insurance coverage.

It appears from the agreed statement of facts that at the time of the accident the defendant Lee Raceway, Inc., was covered by an auto racing liability insurance policy which provided that the plaintiff would pay on behalf of the insured all sums which it became legally obligated to pay as damages because of injuries to persons or property from the use of the race track for automobile racing events. It specifically excluded, however, liability to "all persons whatsoever in the area known as the pit area before the racing program is completed and before all racing automobiles are off the track." The pit area was defined as the "[a]rea used to register the participants and prepare the automobiles for racing events."

A promoters liability coverage endorsement, which offered limited protection for claims arising from accidents in the pit area, was attached to the policy and provided in part that the plaintiff would pay all claims which the defendant Lee Raceway, Inc., was obligated to pay as damages for in-

juries "sustained by any participant (as hereinafter defined)" in auto racing events at the race track. It also stipulated that the plaintiff would defend Lee Raceway, Inc., in "any suit or other proceedings brought against the Insured . . . in connection with an accident arising out of the Insured's operation as covered by this insurance . . ." and "pay all costs taxed against the Insured in any legal proceedings defended by the Company . . . ." The endorsement specified that "[t]he Company's liability for loss hereunder is limited to the sum of TWENTY-FIVE thousand dollars ($25,000) for bodily injuries or death of any one participant (person), and FIFTY thousand dollars ($50,000) for any one accident resulting in injuries to more than one participant (person)."

A "participant" was defined as "any person granted permission for any purpose whatever by the Insured to enter the [pit area] upon signing a Waiver and Release from Liability and Indemnity Agreement." The waiver and release agreement, consisting of a form drafted by the plaintiff, contained broad language which relieved the defendant Lee Raceway, Inc., of all legal liability from accidents in the pit area. Under the terms of the endorsement, if the defendant Lee Raceway, Inc., failed to deliver to the plaintiff a valid agreement "dated and signed by the participant prior to the time of the accident in which the participant was injured," there was no coverage as to any claim by that injured person. It should be noted that the agreement form expressly required the person signing to be over 18 years of age and the endorsement excluded from coverage any claims arising from injuries sustained by a "participant" under that age at the time the agreement was signed.

Because Joseph A. Suidut had not signed the agreement form prior to the accident, the plaintiff and the defendant Lee Raceway, Inc., are in accord that the injured child is not a "participant" under the terms of the endorsement. The plaintiff contends that the language of the endorsement, reasonably interpreted, can cover only "participants" and points out that since Joseph A. Suidut is not within that classification, there is no insurance coverage for his injuries. The plaintiff further argues that Joseph A. Suidut was under

18 years of age at the time of the accident and is thus excluded from coverage.

The defendant Lee Raceway, Inc., objects to the plaintiff's narrow reading of the policy and suggests that the language of the endorsement should be construed to cover persons other than the "participants". It asserts in particular that the language of the plaintiff's undertaking to defend the insured, when read together with the other provisions of the endorsement, would lead a reasonable person to the conclusion that any claim by an injured person would be covered by the insurance. The defendant also argues that the requirement of a valid signed agreement as a precondition to coverage is limited to "participants" and by negative implication the endorsement should provide coverage for nonparticipants.

This case does not present a question of Joseph A. Suidut's status as a "participant" in the auto racing program. *See Fireman's Fund Indemn. Co. v. Hudson Associates, Inc.*, 97 N.H. 434, 91 A.2d 454 (1952). Rather, the sole question is whether the language of the endorsement can be read to include persons other than "participants." In construing the scope of insurance coverage, this court has employed a standard of considering the policy as a whole in view of all the circumstances and as interpreted by a reasonable person in the position of the insured. *Sun Ins. Co. v. Hamanne*, 113 N.H. 319, 306 A.2d 786 (1973); *Martenson v. Massie*, 113 N.H. 181, 304 A.2d 372 (1973); *Shurtleff v. Fidelity & Cas. Co.*, 113 N.H. 16, 300 A.2d 329 (1973). "In any event the policy is to be read 'in the light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured.'" *Sun Ins. Co. v. Hamanne*, 113 N.H. 319, 306 A.2d 786 (1973) (quoting *Aetna Ins. Co. v. State Motors, Inc.*, 109 N.H. 120, 125, 244 A.2d 64, 67 (1968)).

The policy specifically states that the plaintiff will pay all damages arising from injuries sustained by a "participant." There is no suggestion in its language that the coverage would extend to persons other than "participants." *Compare Fowle v. Martin*, 264 F. Supp. 363 (D.S.C. 1967) (policy covered injuries to "persons") *with Underwriters at Lloyd's of London*

*v. Hunefield,* 230 Cal. App. 2d 31, 40 Cal. Rptr. 659 (1964) (policy was entitled spectator policy); *see* 7A J. Appleman, Insurance Law and Practice §4514 (1942, Supp. 1973). The use of the word "person" in parentheses in the paragraph stating the limits of liability apparently serves the purpose of clarifying that the word "participant" refers only to natural persons, not organizations such as a corporation or association. *See* 13 J. Appleman, Insurance Law and Practice § 7385 (1942, Supp. 1973). This interpretation is reinforced by the provisions of the waiver agreement which are addressed to natural persons — the requirement of 18 years of age, a drivers license, etc. Thus, the use of the word "person" is not so vague or ambiguous as to lead a reasonable person in the position of the insured to the conclusion that the coverage included nonparticipants. *Cf. Shurtleff v. Fidelity & Cas. Co.,* 113 N.H. 16, 18, 300 A.2d 329, 331 (1973). Furthermore, since the endorsement is solely concerned with "participants," it would not be reasonable to assume by negative implication that the provision requiring "participants" to sign a valid agreement as a precondition of coverage can be read to extend coverage to nonparticipants.

The plaintiff's obligation to defend the defendant Lee Raceway, Inc., in "any suit or other proceeding" is limited by the phrase "in connection with an accident arising out of the Insured's operation *as covered by this insurance"* (emphasis added). Because the plaintiff is legally bound to pay damages for injuries only to "participants," a reasonable person in the position of the insured would construe the latter phrase to apply only to actions involving "participants." The obligation to pay costs is concerned with "legal proceedings defended" by the plaintiff and thus is similarly restricted.

Accordingly, we rule that the plaintiff is not obligated under the endorsement to provide coverage to the defendant Lee Raceway, Inc., in connection with the accident involving Joseph A. Suidut.

*Declaratory judgment for the plaintiff.*

All concurred.