Rockingham
No. 6942

CHARLES MAGULAS, INDIVIDUALLY and
d.b.a. PETER PAN PANCAKE HOUSE

v.

TRAVELERS INSURANCE COMPANY
and
CHARTER OAK FIRE INSURANCE COMPANY

October 31, 1974

*Boynton, Waldron, Dill & Aeschliman (Mr. Richard E. Dill* orally) for plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Eugene Van Loan (Mr. Van Loan* orally) for the defendants.

KENISON, C.J. This action was initiated in superior court to recover payment under a fire insurance policy issued by

defendants which covered a restaurant owned and operated by plaintiff on leased premises. By stipulation prior to trial the parties settled plaintiff's claims for losses involving the contents of the restaurant and business interruption expenses. The only matter that remained in dispute was the amount of recovery under the policy for plaintiff's betterments and improvements. Although the insurance company allowed the plaintiff $6,000 for improvements as part of the settlement, he claimed considerably more. Defendants' exceptions to the trial court's ruling for the plaintiff were reserved and transferred by *Mullavey,* J. The specific question raised by this appeal is the correctness of the trial court's conclusion that the amount of recovery for betterments and improvements is determined on the basis of a two-year oral lease.

The facts may be summarized briefly. In May 1972, plaintiff entered into negotiations with Prescott Farms, Inc., concerning the rental of a building on Route 1 in Seabrook, New Hampshire. Due to the substantial improvements that he contemplated in converting the building into a restaurant, plaintiff wanted a written lease. During the course of negotiations plaintiff was told by Mr. Bruce Noel, operations manager of Prescott Farms, Inc., that a written lease of the premises would not be possible since the corporation anticipated development of the adjoining land into a shopping center which might entail demolition of the building. Mr. Noel indicated, however, that the development would be at least two years in the future and that if the shopping center was constructed, Mr. Magulas as lessee of the building would have a right of first refusal to occupy space in the new center.

Relying on the representations of Mr. Noel as to the probability of a minimum term of two years, plaintiff agreed to rent the premises at $700 per month. From May until July 14, the date the restaurant opened, he made about $20,000 worth of improvements in the building. In recognition of the substantiality of the improvements, Prescott Farms, Inc., did not charge plaintiff rent for about five weeks of occupancy, the period required for converting the building. On October 11, a fire rendered the building unserviceable. Thereafter, Prescott Farms refused to relet the premises to plaintiff, stating that it did not want the building rebuilt.

The record makes it clear that plaintiff understood that he could vacate or be evicted from the premises upon proper notice anytime prior to the expiration of the "minimum term" of two years.

According to the determinative section of the policy, betterments and improvements are valued at that proportion of their original costs "which the unexpired term of the lease or rental agreement, whether written or oral, in effect at the time of the loss bears to the period from the date such improvements or betterments were made to the expiration date of the lease." Under this formula the unexpired term of the lease is a critical factor in ascertaining the value of improvements. As the duration of the unexpired term increases, the insured is able to recoup more of the original cost of his improvements. In this case, for example, since the fire occurred only two months after the improvements were made and assuming a two-year rental term, plaintiff could recover 11/12 of the improvements' original cost.

In interpreting insurance policies, courts have realized that usually they are contracts of adhesion which are prepared by the insurer and submitted to the insured on a "take it or leave it" basis. 3 A. Corbin, Contracts § 559 n.20 (1960); Kessler, *Contracts of Adhesion,* 43 Colum. L. Rev. 629 (1943). In such contracts there is little equality of bargaining power and the courts have recognized this reality in construing them. Patterson, *The Interpretation and Construction of Contracts,* 64 Colum. L. Rev. 833, 855-62 (1964). In line with the effort to guard the purchaser of insurance, the law in this State is that the provisions of a policy should be interpreted as would a reasonable person in the position of the insured. *Peerless Insurance Co. v. Clough,* 105 N.H. 76, 78, 84, 193 A.2d 444, 446, 449-50 (1963). This proposition is part of a larger emerging principle in insurance law that the court will honor the reasonable expectations of the policyholder. Keeton, *Insurance Law Rights at Variance with Policy Provisions,* 83 Harv. L. Rev. 961, 967 (1970); Perlet, *The Insurance Contract and the Doctrine of Reasonable Expectation,* 6 Forum 116 (1970). In this case a reasonable interpretation of the relevant language from the insured's viewpoint would be that the words "unexpired term of the lease or rental agreement, whether

written or oral" encompass the oral agreement upon which plaintiff relied. In converting the building for use as a restaurant, plaintiff expended around $20,000. No doubt one of his prime motives for obtaining insurance was to provide indemnity against the loss of this sizeable investment. To the insured, that protection would be illusory if he could recoup only a small portion of his original costs in the event of fire shortly after the improvements were made. Plaintiff relied on a two-year oral lease in making the expenditures and was justified in the reasonable expectation that the insurance would cover those expenditures.

Defendant contends that the extent of plaintiff's insurable interest in the improvements can be determined only by reference to state law. According to the law of this State, plaintiff was a tenant at will from month to month. RSA 540:1. His tenancy was terminable at any time upon thirty-days' notice. RSA 540:2-3. On this basis, defendant maintains that plaintiff's interest in the improvements is strictly limited to what was legally enforceable, the unexpired term of thirty days, and therefore, his recovery is restricted to $6,000 as provided tentatively in the settlement.

An insurable interest, however, is not so limited. *Daeris Co. v. Hartford Ins. Co.*, 105 N.H. 117, 119, 193 A.2d 886, 888 (1963); Annot., 97 A.L.R.2d 1243, 1245 (1964); 3 G. Couch, Cyclopedia of Insurance Law § 24.13 (1960); Barney, *The Requirement of Insurable Interest*, 8 Forum 509 (1973). To have an insurable interest in property a reasonable expectation of benefit from its continued existence suffices. 4 J. Appleman, Insurance Law and Practice § 2123 (1969). Plaintiff expected to use the improvements for two years and should recover on the basis of that expectation despite the fact that his legally enforceable rental term was limited to thirty days.

Accordingly, the trial court's verdict is sustained.

*Defendant's exceptions overruled.*

All concurred.