Rockingham
No. 7138

BERKSHIRE MUTUAL INSURANCE COMPANY

v.

LORNA G. LACHANCE & a.

August 29, 1975

*Devine, Millimet, Stahl & Branch (Mr. Shane Devine* orally) for the plaintiff.

*Shaines, Madrigan & McEachern* and *Gregory D. Robbins (Mr. Robbins* orally) for the defendant Harry Nathanson.

*Taylor, Gray & Sullivan* for the defendant Lorna G. LaChance, filed no brief.

GRIFFITH, J. This is a petition for declaratory judgment to determine whether plaintiff's homeowners policy issued to defendant Harry Nathanson requires plaintiff to furnish coverage to Nathanson for an accident that occurred in the course of his regular employment. All questions of law raised by a stipulation of facts and the insurance policy were reserved and transferred without ruling by the Trial Court *(Loughlin, J.)*.

On November 15, 1973, defendant Harry Nathanson was employed as a stitching-room foreman at the Continental Shoe Corporation in Portsmouth and Lorna LaChance was employed as an embosser under Nathanson. On that date, Lorna LaChance was injured in an accident while operating an embosser with the assistance of defendant Nathanson. She has since brought suit against defendant Nathanson who has called upon the plaintiff to defend and pay any judgment in the action under the terms of the homeowners policy issued to him by the plaintiff.

The homeowners policy issued by the plaintiff provided that the company would defend and pay within the limits of coverage all claims against Nathanson arising out of an accident. Certain accidents such as those involving owned, rented or loaned motor vehicles were excluded from the liability accident coverage. Among accidents excluded were those "arising out of business pursuits of any insured except activities therein which are ordinarily incident to nonbusiness pursuits." In addition, the policy under definitions contained a provision that " 'business' means (1) a trade, profession or occupation, including farming . . . ."

In our interpretation of an insurance policy, we consider the policy as a whole to determine what it would mean to a reasonable person in the position of the insured. *Interstate Fire & Cas. Co. v. Lee Raceway, Inc.,* 113 N.H. 593, 311 A.2d 307 (1973); *Sun Ins. Co. v. Hamanne,* 113 N.H. 319, 306 A.2d 786 (1973); *Martenson v. Massie,* 113 N.H. 181, 304 A.2d 372 (1973); *Shurtleff v. Fidelity & Cas. Co.,* 113 N.H. 16, 300 A.2d 329 (1973). Furthermore, the policy is to be read "in the light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured." *Aetna Ins. Co. v. State Motors, Inc.,* 109 N.H. 120, 125, 244 A.2d 64, 67 (1968).

Applying this standard, the homeowners policy issued by the

plaintiff to defendant Nathanson excluded liability coverage for an accident occurring while Nathanson was engaged in his regular occupation. The policy specifically excludes accidents "arising out of business pursuits of any insured." Some courts have found the phrase "except activities therein which are ordinarily incident to non-business pursuits" ambiguous in factual situations involving nonbusiness activities by persons in the course of their occupation. *Crane v. State Farm Fire & Cas. Co.*, 5 Cal. 3d 112, 485 P.2d 1129, 95 Cal. Rptr. 513 (1971); *State Farm Fire & Cas. Co. v. MacDonald*, 87 Ill. App. 2d 15, 230 N.E.2d 513 (1967); *Gulf Ins. Co. v. Tilley*, 280 F. Supp. 60 (N.D. Ind. 1967), *aff'd* 393 F.2d 119 (7th Cir. 1968). No such problem has been found where the accident has occurred when the insured is engaged in his regular employment. In such cases, it has been held that coverage is clearly excluded. *Dieckman v. Moran*, 414 S.W.2d 320 (Mo. 1967); *Pitre v. Pennsylvania Millers Mut. Ins. Co.*, 236 So. 2d 920 (La. Ct. App. 1970); Annot., 48 A.L.R.3d 1096 (1973). The accident in this case was clearly embraced in the language of the exclusion and the meaning is further clarified by the policy definition of "business" as a "trade" or "occupation." *See Interstate Fire & Cas. Co. v. Lee Raceway, Inc.*, 113 N.H. 593, 311 A.2d 307 (1973).

*Decree for plaintiff; remanded.*

KENISON, C.J., did not sit; the others concurred.