40 N.J. Super. 543 (1956)
123 A.2d 790
CITY OF PATERSON, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT, AND CITY OF PASSAIC, A MUNICIPAL CORPORATION, DEFENDANT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1956.
Decided June 29, 1956.
*545 Before Judges JAYNE, FRANCIS and SCHETTINO.
Mr. Ervan F. Kushner argued the cause for the appellant.
Mr. John F. Crane argued the cause for the respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, attorney; Mr. Harold Kolovsky, Assistant Attorney-General, of counsel).
Mr. John C. Barbour argued the cause for defendant taxing districts.
Mr. William N. Gurtman argued the cause for defendant cross-appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
On May 2, 1955 the Supreme Court reversed the judgment of the Division of Tax Appeals and directed compliance with the obligation imposed by N.J.S.A. 54:2-37 to revise and correct the 1954 Passaic County equalization table. Comprehensive instructions were given as to the scope and manner of performance of the duty. City of Passaic v. Passaic County Board of Taxation, 18 N.J. 371 (1955).
Pursuant to the mandate, hearings were held and a revised table was promulgated. The judgment was entered on August 30, 1955.
*546 Under this judgment the City of Paterson received a credit of $586,000.
On October 6, 1955 all of the municipalities in the county, except Paterson, moved to reopen the judgment so that inaccuracies with respect to the Paterson ratio could be demonstrated. The motion was granted over objection and further hearings held. They resulted in the issuance of a corrected judgment on January 5, 1956. The effect, Paterson claims, was to reduce its credit by about $190,000.
The merits of the factual basis of the corrected judgment are not argued as a ground of appeal. Appellant contends that once judgment on the equalization table had been entered, the only remedy for errors therein was by review in the Appellate Division under R.R. 1:3-1(b); 4:88-8.
The argument for reversal has three aspects: (1) in the absence of express legislative grant, the Division has no authority to reopen its judgment or to grant a rehearing thereon; (2) N.J.S.A. 54:2-43 specifically bars a reopening; and (3) N.J.S.A. 54:2-37 prevented such action after September 10, 1955.
In our opinion, none of these grounds has validity. As to (1) it has been declared that administrative agencies generally, and the Division of Tax Appeals specifically, have implied power to reopen or to reconsider their judgments in the absence of legislative fiat to the contrary. Mackler v. Board of Education, 16 N.J. 362, 369 (1954); In re Plainfield-Union Water Co., 14 N.J. 296, 305 (1954); New Jersey Bell Telephone Co. v. Department of Public Utilities, etc., 12 N.J. 568, 578 (1953); Handlon v. Town of Belleville, 4 N.J. 99, 106 (1950); Appeal of City of Newark, 37 N.J. Super. 175 (App. Div. 1955). The limitation to be deduced from these cases is that the application to do so must be made within a reasonable time. It is not suggested that the proceedings were not timely here.
With respect to (2), N.J.S.A. 54:2-43 is not at all pertinent. That act is commonly called the "freeze statute." It relates to judgments entered on appeal from individual property assessments and provides that they shall be conclusive *547 and binding on the municipal assessor, the taxing district and parties to the appeal for the assessment year and for the two succeeding years, except as to changes in the value of the property occurring after the assessment date. Nothing in its language operates as a qualification on the rule to which we have referred.
N.J.S.A. 54:2-37, on which objection (3) is predicated, is no more helpful to appellant. In connection with revision and correction of the county board equalization table, the Division is authorized to "make all orders necessary to carry out the provisions of this section, but such review shall be completed before September tenth, annually."
It is manifest from N.J.S.A. 54:4-35 (assessment work of local assessor to begin on October 1 of each year and to be completed by January 10 of the following year), N.J.S.A. 54:3-18 (county board to meet annually on January 25 for purposes of equalization and to complete task by March 10), and N.J.S.A. 54:2-37 (Division to complete its review work on table before September 10), that the tax year is contemplated. We are dealing here with the 1954 assessments and equalization table; so the September 10 date means 1954 and has no relation to the judgment of August 30, 1955, which arose from and was necessitated by the remand of the Supreme Court in May 1955.
The original appeal was from the 1954 equalization judgment of the Division. It is not argued that such judgment violated the time limit imposed by N.J.S.A. 54:2-37. When the appeal was taken from that judgment and the reversal and remand ordered, the September 10, 1954 date no longer had any application. On rehearing, the Division was acting pursuant to the direction of the court. Reaching the judgment of August 30, 1955 and the corrected one of January 5, 1956, was in execution of the mandate to revise and correct the table. Cf. In re Plainfield-Union Water Co., supra, 14 N.J., at page 304. If this were not so, the right of appeal would be quite sterile in any situation where on reversal rehearing was required.
*548 Under the circumstances the Division did not err in reopening and correcting its judgment.

THE CROSS-APPEAL.
The City of Passaic filed a cross-appeal. It argues that the corrected judgment is contrary to the weight of the evidence to the extent that it fixes a 46.12% ratio of assessment to true value for Paterson. More particularly, it says that since the evidence showed a ratio range from 43.33% to 46.12%, the Division should have reached some result lower than 46.12%. The presence of substantial evidence in support of the latter figure is not gainsaid. Not the slightest showing is made of arbitrary action. Borough of Carteret v. Division of Tax Appeals, 40 N.J. Super. 439 (App. Div. 1956).
Finally, this appellant advances the contention that counsel fees and expenses should be allowed against the City of Paterson. Reference is made to the fact that it took the original appeal to the Supreme Court (in which Paterson did not participate) and provided much of the data on the original hearing and on the rehearings, Paterson again producing no evidence. This activity on its part, representing expenditures for counsel and additional studies by experts, is said to have created a fund of perhaps $396,000 for Paterson which ought to be subjected to these expenses or a fair share of them. We are aware of no authority for such allowances; R.R. 4:55-7 does not provide it. Mulhearn v. Federal Shipbuilding & Dry Dock Co., 2 N.J. 356 (1949).
The judgment of the Division is affirmed as to the appeal and cross-appeal.