91 N.J. Super. 305 (1966)
220 A.2d 119
CITY OF PERTH AMBOY, A MUNICIPAL CORPORATION, TOWNSHIP OF PISCATAWAY, A MUNICIPAL CORPORATION, AND TOWNSHIP OF WOODBRIDGE, A MUNICIPAL CORPORATION, PLAINTIFFS-APPELLANTS,
v.
MIDDLESEX COUNTY BOARD OF TAXATION, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1966.
Decided May 31, 1966.
*306 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Leo Rosenblum argued the cause for appellants Township of Piscataway and City of Perth Amboy (Mr. Francis M. Seaman, attorney for City of Perth Amboy).
Mr. Stewart M. Hutt argued the cause for appellant Township of Woodbridge.
Mr. Elias Abelson, Deputy Attorney General, argued the cause for respondent Middlesex County Board of Taxation (Mr. Arthur J. Sills, Attorney General, attorney).
Mr. Stanton L. Levy argued the cause for respondent Township of East Brunswick.
*307 PER CURIAM.
The municipalities of Perth Amboy, Piscataway and Woodbridge appeal from judgments entered by the Division of Tax Appeals affirming the 1965 table of equalized real property ratables adopted by the Middlesex County Board of Taxation.
In promulgating the 1965 equalization table for the purpose of inter-municipal apportionment of the cost of county government, the county board used the "unweighted," unclassified, statistical approach in determining the average ratios of assessed to true value of real property within the county. This method differs from the "weighted," classified approach used each year by the Director of the Division of Taxation in preparation of his table of equalized values for use in allocating state aid to local schools  the method used by all county tax boards within the State since 1959 as a basis for their annual equalization tables.
The statistical difference between the "weighted" and "unweighted" approach, primarily, is that the former gives full weight to the price of a single large sale of real property during a two-year sales study period, while the latter places the same emphasis on each sale regardless of the amount involved. The weighted method is calculated by the stratification of four classes of real estate. The unweighted method determines the average ratio by addition of all sales ratios of assessed to true value without regard to the four classes of real estate, and the division of the total by the number of sales involved in the study.
Appellant municipalities contend that the weighted classified method used by the Director is the most reasonable and efficient mode for determination of the aggregate equalized valuations; that the change in method by the county board in 1965 from weighted to unweighted ratios constituted arbitrary, capricious and unjustified administrative action. They allege that the share of the cost of county government allotted to them would be less if the weighted method had been used.
In the proceedings before the Division, the municipal appellants presented no evidence concerning the use or *308 comparative merits of the weighted or unweighted methods in determination of the aggregate equalized valuations as applied to this case, or that the use of the unweighted method resulted in an incorrect or inequitable ratio for any of the municipalities; or to substantiate their argument that the use of the unweighted method was arbitrary, capricious or unreasonable. In affirming the county board's action the Division held that appellant municipalities had failed to demonstrate that the ratios of assessed to true values which, in fact, existed in their respective districts were other than those assigned to them by the county board, or that the procedures followed caused them to pay an unfair share of the cost of the county government.
Following their appeal to this court, appellants obtained a remand to the Division in order that they might present testimony by Acting Director of the Division of Taxation Kingsley and State Supervisor of the Local Property Tax Bureau Hart. Although Acting Director Kingsley indicated he favored use of the weighted method in establishing a county table, he refused to testify that the county board's use of the unweighted method would bring about an incorrect result, or that the table as promulgated was incorrect, that undue and unfair hardship was caused to the municipalities, or that such method was illegal. Supervisor Hart's brief testimony was that he agreed with what the acting director had said.
N.J.S.A. 54:3-17 directs that each county board of taxation "shall annually ascertain and determine according to its best knowledge and information, the general ratio or percentage of true value at which the real property of each taxing district is in fact assessed * * *." The statute does not specify any particular method of arriving at equalization in the county table.
In the instant case the county board decided to use the unweighted method in preparing the 1965 equalization table only after extensive research and study by Mrs. Yahnel, its tax analyst. In the course of that research Mrs. Yahnel *309 reviewed and analysed every sale of real property in the county since 1952. Through her, the county board had a comprehensive familiarity with the raw data, and determined that the unweighted approach was the better method to use.
It has repeatedly been held that the Director's table prepared by use of the weighted method of determining ratios does not control distribution of the county tax burden. The obligation to equalize assessments to that end rests on the county tax board. Any reasonable and efficient method may be adopted. Township of Greenwich v. Gloucester County Board of Taxation, 46 N.J. 55, decided May 2, 1966; Town of Kearny v. Div. of Tax Appeals, 35 N.J. 299, 304 (1961); City of Passaic v. Passaic County Bd. of Taxation, 18 N.J. 371, 385 (1955).
The county board's determination carries with it a presumption of correctness. Town of Kearny v. Div. of Tax Appeals, supra, 35 N.J., at p. 305. The presumption stands until overcome by sufficient competent evidence, which must be definite, positive and certain in quantity and quality. Aetna Life Insurance Co. v. City of Newark, 10 N.J. 99, 105 (1952). We find no evidence in the record before us to show that use of the unweighted method of determining ratios for the county equalization table was unreasonable or inefficient  or that it produced an unjust or inequitable apportionment of the inter-municipal cost of county government. We agree with the findings and conclusions of the Division of Tax Appeals.
The judgments are affirmed.