CITY OF TRENTON, RESPONDENT, v.
MERCER COUNTY BOARD OF TAXATION, APPELLANT.

Argued December 2, 1974—Decided January 29, 1975.

See also, 66 *N. J.* 474.

*Mr. Richard M. Conley,* Deputy Attorney General, argued the cause for appellant (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. George T. Dougherty,* Assistant City Attorney, argued the cause for respondent (*Mr. Robert A. Gladstone,* City Attorney, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. This appeal involves the 1972 and 1973 equalization tables of Mercer County which were prepared and confirmed by the County Tax Board for the purpose of apportioning the county tax burden among the municipalities of Mercer County. *N. J. S. A.* 54:3–17. In establishing its tables for the years in question, the County Board adopted the tables of ratios for each taxing district in the county promulgated by the Director of the Division of Taxation for the distribution of school aid. See: *Tp. of Willingboro v. Burlington Cty. Bd. Tax.,* 62 *N. J.* 203 (1973); *Town of*

*Kearny v. Division of Tax Appeals,* 35 *N. J.* 299 (1961); *City of Passaic v. Passaic County Bd. of Taxation,* 18 *N. J.* 371 (1955).

The City of Trenton challenged the validity of the tables *inter alia*[1] on the ground that the Director's sales-ratio analysis included a study of real estate sales financed under Federal Housing Authority legislation, that the contract price in F.H.A. financed sales did not reflect the true consideration for the transfer of the property and that the inclusion of these sales in the study had therefore distorted the Director's ratios so that use thereof by the County Board resulted in an excessive burden for county taxes being imposed on the City of Trenton.

The Appellate Division, in an opinion reported at 127 *N. J. Super.* 588 (1974), held that it was proper to include all F.H.A. financed sales in sales-ratio studies "except those sales in which the taxing district establishes the fact and the amount of extraordinary charges paid by the seller, in which event the stated contract prices shall be reduced accordingly and the sales included in the computation at the prices so adjusted." 127 *N. J. Super.* at 593.

Certification was granted by this Court, 66 *N. J.* 310 (1974), on a limited basis to consider the County Board's contention that the Appellate Division decision calling for the adjustment of the sale price of F.H.A. financed sales herein conflicts with *City of Newark v. Essex County Board of Taxation,* 124 *N. J. Super.* 76 (1973), certif. den. 63 *N. J.* 566 (1973), and will cause statewide confusion in property tax administration.

In the instant case the Appellate Division in holding that the sales prices in F.H.A. financed sales were to be reduced by the amount of extraordinary charges shown to have been paid by the seller as a result of the F.H.A. financing and, as reduced, were usable in sales-ratio studies, gave as its reason for so holding that the number of usable sales would not

---

[1]The tables were also challenged on other grounds not material to this appeal.

thereby be diminished to any extent whatsoever and there would be no weakening of the sales base.

 We agree with the Appellate Division that, on the present record, no basis has been shown for excluding F.H.A. financed sales as a class from a sales-ratio study. However, we reject the concept that a particular sale shown to have a distorted sales price as a result of F.H.A. financing can necessarily be made usable by adjusting the sales price. Too many practical difficulties are presented to warrant an inflexible rule. Often it is difficult if not impossible to ascertain to what extent a particular sales price is distorted as a result of F.H.A. financing. Moreover, if adjustment is compelled in F.H.A. sales, would not many of the 27 categories of non-usable sales established by the Director for his sales studies (*N. J. A. C.* 18:12–1.1(a)) be subject to mandatory adjustment of sales price to reflect and offset the particular disqualifying factor? The administrative burden on the county boards might well be intolerable if an extensive practice of adjusting distorted sales prices were imposed upon them for this purpose. Once the sales price in an F.H.A. financed sale is shown to have been substantially distorted by extraordinary charges so that it does not reflect the true consideration for the property as between the buyer and the seller, it should be discarded and not used in the sales-ratio study at all.

██ Of course the particular sale should be considered non-usable only if it is shown that the sales price has been substantially distorted by extraordinary charges attributable to F.H.A. financing. If the charges shown are relatively minor, considering the sales price, the county board should have the discretionary right to disregard them and include the sale "as is" in the sales-ratio studies.[2]

---

[2] *Cf. N. J. A. C.* 18:12–1.1(a) and (b) which after declaring, for purposes of the Director's sales-ratios for school aid purposes, 27 categories of transactions "not usable" provides an exception "if after full investigation it clearly appears that the transaction was a sale between a willing buyer, not compelled to buy, and a willing seller, not compelled to sell, and that it meets all other requisites of a usable sale."

The judgment of the Appellate Division is modified accordingly and the matter remanded for further proceedings in accordance with this opinion.

*For modification and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD and Judge COLLESTER—6.