KUSKIN, J.T.C.
Plaintiff challenges the calculation by the Warren County Board of Taxation (“County Board”) of plaintiffs county equalization percentage for tax year 1999. The county equalization percentage for a municipality is used to determine the true value of all real property in the municipality. The true value so determined, which is also referred to as the municipality’s equalized valuation, becomes the numerator of the fraction used to calculate the municipality’s share of county taxes. The denominator of the fraction is the true value of all real property in the county. N.J.S.A. 54:3-17 to -19. True value for equalization purposes is determined by dividing each municipality’s aggregate assessments (which, because of the passage of time without revisions having been made, may be substantially lower or higher than market value) by the equalization percentage for the municipality as determined by the county board of taxation. Most county boards, including the Warren County Board of Taxation, adopt, as the equalization percentage for each municipality in the county, the percentage (the “Director’s ratio”) for each municipality promulgated by the Director of the New Jersey Division of Taxation for school aid distribution purposes. See N.J.S.A 54:1-35 to -35.6. The Director’s ratio is based on a comparison of assessments (which, as noted above, may not be at market value) with market values, and, therefore, the ratio could be significantly lower or higher than 100%.
When a municipality conducts a revaluation or reassessment, the process generally results in assessments which °are at or near market value. Dividing these assessments by the Director’s ratio could produce a distorted equalized valuation for the municipality. Over forty years ago, the Director developed the “page 8 formula” to avoid this distortion. The formula, as applied to a revalued or *3 reassessed municipality, substitutes for the Director’s ratio a percentage determined by dividing the municipality’s aggregate assessments (after the revaluation or reassessment) by the prior year’s equalized valuation for the municipality (plus or minus changes in tax ratables from the prior year).[1]
Although plaintiff acknowledges that it did not conduct a revaluation or reassessment for 1999, it seeks to compel the County Board to use the page 8 formula in determining plaintiff’s 1999 county equalization percentage.
Pending before the court are cross-motions for summary judgment. In connection with the motions, the following facts are not in dispute:
1. In preparing its 1999 county equalization table, the County Board used the applicable Director’s ratios, calculated as of October 1,1998, for plaintiff and all but two of the other municipalities in the county. The County Board determined that Hope Township and Washington Borough had implemented reassessments in 1999 and, as a result, used the page 8 formula for equalizing those two municipalities.
2. Neither plaintiff nor any other municipality in Warren County, except for Hope Township and Washington Borough, was ordered by the County Board to conduct a reassessment or revaluation or applied to the Board for, or received, Board approval for a reassessment or revaluation.
3. For tax year 1999, plaintiffs assessor adjusted 33% of the assessments in the Township, consisting of changes to 933 out of 2,793 line items One hundred sixty-four of the changes related to non-qualified farmland, nine changes related to 1998 tax appeals, and sixty-seven changes related to 1998 added assessments. If these 240 changes are disregarded, the percentage of line items changed is 25%. The remaining 693 changes resulted from the assessor’s having identified neighborhoods in the municipality which appeared to have experienced a market trend change.
4. For tax year 1999, plaintiffs county equalization ratio as determined by the County Board was 99.46%. If the page 8 formula is applied, plaintiffs equalization ratio changes to 100.63%. This change in ratio would reduce plaintiffs county tax share by $32,962 .77, from $2,835,079.98 to $2,802,117.21.
*4 Plaintiff asserts that it is entitled to the application of the page 8 formula for tax year 1999 based on the foregoing undisputed facts and the following contentions:
A. Its assessor has, for several consecutive years, made adjustments to the assessment list similar to the adjustments described above with respect to 1999.
B. Over those several years, the assessor made total changes to 50% or more of the total line items in the municipality.
C. The County Tax Administrator in Warren County has, from time to time, used the page 8 formula for all municipalities in the county, even those which did not perform a reassessment or revaluation, and, at other times, without explanation, has refused to apply the page 8 formula.
D. Application of the page 8 formula in determining the county equalization percentage for the two municipalities in the county which performed a reassessment or revaluation, and not for plaintiff, is, as stated in the Certification of plaintiffs assessor, “arbitrary and capricious and has the effect of discriminating against a municipality who [sic] has performed major maintenance but is refused the ability to use a page 8 formula."
In response to these contentions, defendants assert that the page 8 formula may be applied only to a municipality which has performed a reassessment or revaluation in accordance with regulations promulgated by the Director, specifically, N.J.A.C. 18:12-4.1 to -4.11 and 18:12A-1.14. Because plaintiff admittedly did not perform either a revaluation or reassessment, plaintiff is not entitled to the use of the page 8 formula in calculating its county equalization percentage. Defendants further contend that plaintiff has failed to establish that the County Board’s refusal to use the page 8 formula for plaintiff resulted in plaintiffs paying substantially higher county taxes than it would pay if the page 8 formula were applied.
Plaintiff argues that, because its assessor has, over a period of consecutive years, in effect reassessed all or a substantial portion of the municipality, the County Board should be required to apply the page 8 formula for tax year 1999, particularly when, during 1999, 33% of the assessments were changed. The principal legal support for the plaintiffs argument is Willingboro Township v. Burlington County Board of Taxation, supra, 62 N.J. 203, 300 A.2d 129, which plaintiff construes as requiring use of the page 8 formula even though plaintiff did not perform a revaluation or reassessment for 1999. Plaintiff points to the following language *5 as supporting the proposition that assessment maintenance over a period of years can qualify a municipality for page 8 treatment:
The assessor of Willingboro has maintained close study of the sales and has used a computer to update assessed valuations on all residences. Pursuant to this program there has been a general reassessment of ratables in Willingboro in each of the years 1908,19(>9 and 1970.
[Id. at 213-214, 300 A.2d 329.]
Plaintiff argues that its assessor has also maintained close study of sales and has used a computer to update assessed valuations in the municipality, and that this program of assessment maintenance constitutes a “general reassessment” as such term is used in Willingboro. Plaintiff asserts that, in Willingboro, the Supreme Court referred to the standard established by the then state local property tax bureau that a revaluation or reassessment occurs only if 80% or more of the assessments are significantly changed, id. at 214 n. 8, 300 A.2d 129, but the Court, in approving use of the page 8 formula for Willingboro Township, did not indicate that the changes in assessments in the municipality had satisfied the 80% standard.
When read in its proper context, the above-quoted language does not support plaintiff’s position. A few sentences before the quotation, the Supreme Court noted that 99% of Willingboro’s assessment line items were one-family dwellings. Id. at 213, 300 A.2d 129. Consequently, an updating of assessments on “all residences” almost necessarily would involve changes to more than 80% of the Township’s assessments for each of the years 1968, 1969 and 1970.
In addition to misinterpreting Willingboro’^ definition of a reassessment, plaintiff’s argument misconstrues the county equalization process and ignores certain basic principles of county equalization set forth in Willingboro. The Supreme Court characterized the equalization process as one which necessarily involves some lack of precision. This imprecision is permitted if the county board’s methodology is reasonable and does not substantially distort a municipality’s county tax share.
Wc recognize the correctness in principle of the argument, urged upon us on behalf of the county board that any reasonable and efficient method of equalization may be used; that mathematical exactitude is not required; and that a degree of *6 imperfection mil be tolerated ... Moreover, the equalization process cannot as a practical matter be encrusted with “rigid technicality and formalism.” Yet the overriding legislative purpose is the equal, proportionate sharing of the county tax burden, and when a method — any method — used imposes on a particular municipality a share "dramatically or substantially excessive” the review agency or the court must grant relief.
[Id. at 220, 300 A.2d 129 (citations omitted).]
In rejecting an argument that the page 8 formula was unreliable because of the remoteness in time of data used in the formula, the Court described county equalization as “an intensely practical operation [which] need not be perfect, and is adequate and lawful if fair over the long run and substantially free from disparity of method as between taxing districts.” Id. at 227, 300 A.2d 129. The Court concluded that the page 8 formula was appropriate to equalize revalued or reassessed municipalities, but did not require use of the formula.
While we thus approve and encourage the use of the page 8 formula on the remand by‘the Division of Tax Appeals, subject to any legitimate new objection which may be raised by any taxing district not a party to this appeal which must under the statute be heard at the now hearing, we are unable at this time to say it is the only tenable approach. It is settled that no particular method of equalization is mandatory for a county board of taxation. “s * ^ [AJny reasonable and efficient mode may be adopted” . . We therefore do not accept the suggestion of the Director of the Division of Taxation that we order all county boards hereafter to use the page 8 formula for revalued districts where they use the Director’s ratios for non-revalued districts, although we encourage it.
[Id. at 227-28, 300 A.2d 129 (citation omitted).]
In its articulation of the principles applicable to county equalization in Willingboro, the Supreme Court synthesized the holdings of several earlier decisions. That a county board may use any “reasonable and efficient mode” of equalization was established in City of Passaic v. Passaic County Board of Taxation, 18 N.J. 371, 113 A.2d 753 (1955). In Carteret Borough v. Division of Tax Appeals, 40 N.J.Super. 439, 123 A.2d 559 (App.Div.), certif. denied sub nom. Sayreville Borough v. Division of Tax Appeals, 22 N.J. 224, 125 A.2d 235 and Woodbridge Township v. Division of Tax Appeals, 22 N.J. 224, 125 A.2d 235 (1956), the court stated as follows with respect to the county equalization process:
Equalization of aggregates for the purpose under discussion is not required to be perfect. It is recognized as a reasonable approximation, calculated to achieve the same relative valuations among the taxing districts so as to distribute the county *7 tax burden fairly and to offset competitive undervaluation by local assessors. The aim is to minimize “so far as possible the unfair distribution of the county tax which is one result of varying average assessment ratios” among the municipalities involved. A degree of imperfection is tolerated largely because individual assessments are not altered as the result of the table.
[Carteret Borough v. Division of Tax Appeals, supra, 40 N.J.Super. at 446-47, 123 A.2d 559 (citation omitted).]
In Berkeley Heights Township v. Division of Tax Appeals, 68 N.J.Super. 364, 172 A.2d 453 (App.Div.), certif. denied, 36 N.J. 138, 174 A.2d 923 (1961), the court sustained the county board’s equalization table in the absence of proof that the board’s action was “arbitrary and unreasonable.” Id. at 372, 172 A.2d 453. In Woodbridge Township v. Middlesex County Board of Taxation, 96 N.J.Super. 532, 233 A.2d 650 (App.Div.1967), the court permitted the use, for county equalization purposes, of ratios other than those developed by the Director of the Division of Taxation because use of the other ratios was not “arbitrary, capricious or unreasonable” and because “any reasonable and efficient method of equalization may be adopted.” Id. at 537, 233 A.2d 650. Accord, Millburn Tp. v. Essex County Bd. of Taxation, 111 N.J.Super. 330, 265 A.2d 550 (App.Div.1970); Wood-Ridge Borough v. Bergen County Bd. of Taxation, 111 N.J.Super. 174, 178-89, 268 A.2d 31 (App.Div.1970); Atlantic City v. Atlantic County Bd. of Taxation, 2 N.J.Tax 30, 34-35 (Tax 1980), aff'd o.b. percuriam, 4 N.J.Tax 685 (App.Div.1982).
Here, the sole basis for plaintiffs claim is that the use of the page 8 formula in calculating plaintiffs county equalization ratio for 1999 would change the ratio by 1.17% from 99.46% to 100.63% and would reduce plaintiffs county tax share by 1.16%. The 1.17% absolute change in the ratio equals a relative change of 1.176%. Neither such change in the ratio nor the resulting change in plaintiffs county tax share demonstrates that the methodology used by the county board imposed upon plaintiff a “dramatically or substantially excessive” share of the county tax burden, Willingboro, supra, 62 N.J. at 220, 300 A.2d 129 (citation omitted) or that the county board, in refusing to apply the page 8 formula to plaintiff or to other non-revalued and non-reassessed municipalities in Warren County, acted arbitrarily, capriciously or unreasonably. Woodbridge Tp. v. Middlesex County Bd. of Taxation, *8 supra, 96 N.J.Super. at 537, 233 A.2d 650. Compare Millbum Township v. Essex County Board of Taxation, supra, in which the court refused to require the county board to recompute Millbum’s county equalization ratio where the change in ratio, if Millburn’s methodology were accepted, would' be from 104.24% to 105.20%, with Wood-Ridge Borough v. Bergen County Board of Taxation, supra, in which the court required the county board to restudy its equalization computations where Wood-Ridge demonstrated that, if the methodology it proposed were used, its county equalization ratio would increase from approximately 89% to approximately 96%.
The foregoing analysis derives additional support from Trenton v. Mercer County Board of Taxation, 127 N.J.Super. 588, 318 A.2d 442 (App.Div.1974), judgment modified, 66 N.J. 470, 333 A.2d 1 (1975). There, the Appellate Division rejected the contention by the City of Trenton that the page 8 formula should be applied to all municipalities in the county even though only two municipalities had revalued or reassessed for the tax year in question.
The whole purpose of [the page 8] formula is “to produce equalized valuations in the new tax year for the revalued (or reassessed) districts which will correspond in method of determination with the equalized valuations for non-revalued (and non-reassessed) districts resulting from the use of the Director’s ratios as applied to such districts in the ordinary course by county boards.”
In view of the fact that two municipalities had revalued or reassessed for [1972], the application of the page 8 formula to all municipalities completely defeated the purpose for which said formula was designed, and could not help but result in a distortion as between the ratios of the revalued and reassessed districts and the remaining districts.
[Id. at 594, 318 A.2d 442 (citation omitted).]
Based upon the foregoing discussion, I conclude that there is “no genuine issue as to any fact challenged” and that defendants “are entitled to a judgment or order as a matter of law.” R. 4:46—2(c); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 666 A.2d 146 (1995). Consequently, I grant defendants’ motion for summary judgment and deny plaintiffs motion for summary judgment.
*9 [[Image here]]

 A sample page 8 formula calculation is attached to this opinion. The county equalization process, the calculation of the page 8 formula, and the function of the formula in the equalization process are described in greater detail in Willingboro Township v Burlington County Board of Taxation, 62 N.J. 203, 300 A.2d 129 (1973).